**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jon La'Marr Gary,<br><br>    Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>    Respondents. | No. CV-18-03869-PHX-DWL<br><br>**ORDER** |

On November 5, 2018, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 1.) On June 13, 2019, Magistrate Judge Bibles issued a Report and Recommendation ("R&R") concluding the Petition should be denied. (Doc. 11.) Afterward, Petitioner filed objections to the R&R (Doc. 22) and Respondents filed a response (Doc. 24). Separately, Petitioner filed a motion for appointment of counsel (Doc. 19) and a "motion for due process" (Doc. 21). For the following reasons, the Court will deny Petitioner's objections to the R&R, deny his request for counsel, grant his motion for due process, and terminate this action.

I.    <u>Background</u>

The relevant factual and procedural background is set forth in the R&R. In a nutshell, Petitioner pleaded guilty in September 2011 to two counts of child abuse. (Doc. 11 at 2.) The charges arose from an incident in which Petitioner discovered a 22-year-old man having sex with his 11-year-old niece, lost his temper, and then assaulted both the perpetrator and the niece. (*Id.* at 2-3.) The plea agreement provided that Petitioner would

receive a sentence of two years' imprisonment on Count 2 and a consecutive term of lifetime probation on Count 1. (*Id.* at 2.) In January 2012, Petitioner was sentenced. (*Id.* at 4.) He did not, at that time, appeal his sentence or seek post-conviction relief concerning his sentence. (*Id.*)

In July 2012, Petitioner was released from prison, at which point he began serving his lifetime probation term. (*Id.*) In January 2013, Petitioner's probation officer filed a petition to revoke, which alleged that Petitioner had absconded from probation, failed to submit to drug testing, failed to participate in domestic violence counseling, and failed to report to the probation officer as directed. (*Id.* at 4 & n.5.) This petition resulted in a two-month term of incarceration. (*Id.* at 4.) Then, in December 2013, Petitioner's probation officer filed another petition to revoke. (*Id.*) This time, the superior court revoked Petitioner's probation and imposed a 10-year term of imprisonment. (*Id.*)

In May 2014, during the disposition hearing, Petitioner's probation violation counsel argued that the probation tail imposed as part of Petitioner's original sentence "may have been illegal." (*Id.* at 5.) In response, the superior court stated that any deficiency in the original plea agreement should be addressed through a petition for post-conviction relief ("PCR") alleging ineffective assistance of counsel. (*Id.*) The court appointed PCR counsel to assist Petitioner, but PCR counsel found no colorable claims. (*Id.*) As a result, Petitioner pursued a *pro per* PCR petition. (*Id.*)

In July 2015, the superior court denied Petitioner's PCR petition, concluding that his trial counsel hadn't been ineffective because Petitioner was properly charged with, and convicted of, two separate crimes arising from the assault on his niece and that Petitioner's counsel had, in any event, made the argument (albeit unsuccessfully) that Petitioner shouldn't receive consecutive sentences. (*Id.* at 5-6, 10)

In May 2017, the Arizona Court of Appeals denied relief for similar reasons, holding, *inter alia*, that Petitioner's double jeopardy claim was unavailing because "[a] review of the record indicates that [Petitioner] caused his niece several injuries and that those injuries were sustained after multiple individual acts of violence committed against

her" and that Petitioner's ineffective assistance claim was unavailing because "while counsel . . . was unsuccessful in her request, she raised the issue of double jeopardy." (*Id.* at 6-7, 11.)

In June 2017, Petitioner filed a second Rule 32 action. (*Id.* at 7.)

In August 2018, the trial court dismissed the action as untimely and successive. (*Id.*)

In November 2018, Petitioner filed the Petition. (Doc. 1.) Although it is not a model of clarity, it appears to assert—and the R&R interprets it as asserting—(1) a claim that Petitioner was denied his right to be free of "double jeopardy" and to be free from an excessive and illegal sentence, (2) a claim of ineffective assistance of trial counsel, and (3) a claim of ineffective assistance of probation revocation counsel. (*Id.* at 6.)

The R&R was issued in June 2019. (Doc. 11.) It concludes that Petitioner's first two claims are time-barred by AEDPA's one-year statute of limitations because they seek to challenge his original sentence, which became final in April 2012, and he is ineligible for statutory tolling (because he didn't file a PCR petition challenging the revocation of parole until well after April 2013) or equitable tolling (because he didn't diligently pursue his rights and acknowledges his factual guilt). (*Id.* at 8-10.) As for Petitioner's third claim, the R&R concludes it was timely asserted and that Petitioner properly exhausted it in state court (*id.* at 10-11) but further concludes that it fails on the merits. (*Id.* at 13-16.)

II.  Legal Standard

A party may file written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to

those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Thus, district judges need not review an objection to an R&R that is general and non-specific. *See, e.g., Warling v. Ryan*, 2013 WL 5276367, *2 (D. Ariz. 2013) ("Because de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection 'has the same effect as would a failure to object.'") (citations omitted); *Haley v. Stewart*, 2006 WL 1980649, *2 (D. Ariz. 2006) ("[G]eneral objections to an R & R are tantamount to no objection at all.").[1]

### III. The R&R

Petitioner's 16-page "response to report and recommendation" does not specifically identify any portion of the R&R that Petitioner deems objectionable and does not specifically ask the Court to reverse or overturn any portion of the R&R's legal analysis. (Doc. 22.) Instead, Petitioner simply offers a narrative of the facts underlying his case. (*Id.*) For this reason, Respondents argue that Petitioner's objections are insufficient under Rule 72(b). (Doc. 24 at 1-2 ["[Petitioner's] objection to the R&R . . . does not point to any specific flaws in the Magistrate Judge's analysis or conclusion; it merely reiterates the same legal claims that were presented in his habeas petition and reply."].)

Respondents are correct. Petitioner's general objection to the R&R leaves the Court with nothing to review. Thus, the Court will adopt the R&R's recommended disposition.

### IV. Other Motions

On October 3, 2019, Petitioner filed a motion for appointment of counsel. (Doc. 19.) That motion will be denied. "[T]he Sixth Amendment right to counsel does not apply in habeas corpus actions. Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801

---

[1] *See generally* S. Gensler, 2 Federal Rules of Civil Procedure, Rules and Commentary, Rule 72, at 422 (2018) ("A party who wishes to object to a magistrate judge's ruling must make specific and direct objections. General objections that do not direct the district court to the issues in controversy are not sufficient. . . . [T]he objecting party must specifically identify each issue for which he seeks district court review . . . .").

- 4 -

F.2d 1191, 1196 (9th Cir. 1986). Based upon a review of the documents filed in this case, the Court concludes, in its discretion, that the appointment of counsel is not required here.

On October 3, 2019, Petitioner also filed a "motion for due process," which asks the Court "to protect [Petitioner] and his case for and in the right to due process." (Doc. 21.) The motion will be granted, insofar as Petitioner's right to due process in this case has been respected.

Accordingly, **IT IS ORDERED** that:

(1) The reference to the magistrate judge is **withdrawn** as to Petitioner's motion for appointment of counsel (Doc. 19) and Petitioner's motion for due process (Doc. 21).

(2) Petitioner's motion for appointment of counsel (Doc. 19) is **denied**.

(3) Petitioner's motion for due process (Doc. 21) is **granted**.

(4) The R&R's recommended disposition (Doc. 11) is **accepted**.

(5) The Petition (Doc. 1) is **denied**.

(6) A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right.

(7) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 30th day of January, 2020.

Dominic W. Lanza
United States District Judge